UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| **PHILLIP HARRIS, Individually and for Others Similarly Situated,**<br><br>v.<br><br>**LIBERTY OILFIELD SERVICES, LLC** | **CASE NO. 1:16-cv-01116**<br><br>**CLASS AND COLLECTIVE ACTION**<br><br>**JURY TRIAL DEMANDED** |

### CLASS AND COLLECTIVE ACTION COMPLAINT

#### SUMMARY

1. Liberty Oilfield Services failed to pay some of its employees – generally known as "field engineers" – overtime for hours worked in excess of 40 in a week.

2. Instead, Liberty pays these workers what it calls a "salary" plus certain performance bonuses.

3. Liberty's policy of paying these employees on a "salary plus bonus" basis, with no overtime pay, violates the Fair Labor Standards Act (FLSA) and North Dakota law.

4. This class and collective action seeks to recover the unpaid wages and other damages owed to Liberty's field engineers.

#### JURISDICTION & VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

6. Phillip Harris is a resident of this District.

7. Liberty is a resident of this District.

1

8. A substantial part of the events alleged herein occurred in this District.

9. For example, Harris spent a significant portion of his time working for Liberty in this District. Thus, much of the unpaid overtime work occurred in this District.

10. Venue is proper in this Court.

## PARTIES

11. Harris was a field engineer who was employed by Liberty.

12. Liberty paid him according to its "salary plus bonus" policy.

13. Harris's written consent to this action is attached.

14. Harris brings this action on behalf of himself and all other similarly situated field engineers who were paid on Liberty's "salary plus bonus" system (the "Class Members").

15. Liberty is a company that operates in this District.

16. It employed Harris and the Class Members.

17. Liberty may be served through its registered agent.

## FACTS

18. Liberty provides a variety of oilfield support services.

19. In each of the past three years, Liberty's gross revenues exceeded $2,000,000.

20. Liberty employs field engineers in Colorado, North Dakota, and Wyoming.

21. Over the past three years, Liberty employed dozens of individuals – including Harris – as Class Members in North Dakota.

22. The Class Members routinely handle goods or materials – such as hard hats, tools, steel toe boots, machinery, automobiles, and cell phones - that have moved in, or were produced for, interstate commerce.

23. Liberty's payroll records show its "salary plus bonus" pay policy was applied paid to Harris and the other Class Members.

24. Liberty maintains records showing the hours worked by its Class Members.

25. Liberty has records of the hours the Class Members worked in the past 3 years.

26. Liberty's field engineers (and thus, the Class Members) are non-exempt employees.

27. The workers perform hands-on work in the oilfield.

28. Field engineers set up and monitor a system that is used during the fracking process.

29. Field engineers are blue-collar workers.

30. Variations, if any, in the Class Members job duties do not impact their entitlement to overtime under the FLSA and North Dakota law.

31. An employer can pay a non-exempt employee on "salary plus bonus" basis *provided* the employee receives overtime pay for hours worked in excess of 40 in a week.

32. Liberty regularly scheduled Harris, and the other Class Members, for 12 or more hours of work per day.

33. Harris and the Class Members regularly worked as many as 7 days in a week.

34. Harris and the Class Members were expected to work at least a 2 weeks on, 2 weeks off schedule.

35. Liberty knows Harris worked more than 40 hours in a week.

36. Liberty knows the Class Members work more than 40 hours in a week.

37. Liberty's records reflect this fact.

38. Liberty also knows its Class Members are not exempt from the FLSA's overtime provisions (or the provisions of any similar state overtime laws).

39. Nonetheless, Liberty does not pay its Class Members overtime for hours worked in excess of forty in a workweek.

## COLLECTIVE/CLASS ALLEGATIONS

40. Liberty's policy of paying non-exempt workers on a "salary plus bonus" basis, with no overtime pay, violates the FLSA.

41. Liberty's "salary plus bonus" policy affects all the Class Members in a similar manner.

42. Harris and the Class Members are similarly situated for the purposes of their overtime claims.

43. The collective action class is therefore properly defined as:

**All Class Members employed by Liberty within the last 3 years.**

44. Additionally, pursuant to Fed. R. Civ. P. 23, Harris brings this action on behalf of Class Members who were employed in North Dakota during the applicable statutory time period.

45. Harris seeks class certification under Fed. R. Civ. P. 23 for the following sub-class:

**All Class Members employed by Liberty in North Dakota within the last 2 years (the "North Dakota Class").**

46. Harris will fairly and adequately protect the interests of the North Dakota Class.

47. Harris retained lawyers that are experienced in class action and employment litigation.

48. Harris has no interests contrary to, or in conflict with, the North Dakota class.

49. Like each member of the proposed classes, Harris has an interest in obtaining the unpaid overtime wages owed under state and federal law.

50. A collective/class action suit, such as the instant suit, is superior to other available means for fair and efficient adjudication of the lawsuit.

51. Absent these actions, many members of the classes likely will not obtain redress of their injuries and Liberty will retain the proceeds of its violations of state and federal labor laws.

52. Furthermore, even if particular members of the classes could afford individual litigation against Liberty, it would be unduly burdensome to the judicial system.

53. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

54. There is a well-defined community of interest in the questions of law and fact affecting the North Dakota Class as a whole.

55. The questions of law and fact common to the North Dakota Class predominate over any questions affecting solely the individual members.

56. Among the common questions of law and fact are:

   a. Whether Liberty employed members of the class within the meaning of the applicable statutes, including the FLSA;

   b. Whether Liberty's decision to pay field engineers on a "salary plus bonus" basis, with no overtime pay, was made in good faith;

   c. Whether Liberty's violation of the FLSA and/or the various state wage and hour laws was willful;

   d. Whether Liberty failed to pay Harris and the members of the class all overtime pay due to them by virtue of their "salary plus bonus" compensation plan; and

   e. Whether Liberty kept adequate records of the hours worked by its Class Members.

57. Harris's claims are typical of the claims of members of the class.

58. Harris and the North Dakota Class have sustained damages arising out of Liberty's wrongful and uniform employment and compensation policy.

59. Harris know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective or class action.

### FIRST CAUSE OF ACTION – VIOLATION OF THE FLSA

60. By failing to pay Harris and the other Class Members overtime at one-and-one-half times their regular rates, Liberty violated the FLSA. 29 U.S.C. § 207(a).

61. Liberty owes Harris and the other Class Members the difference between the rate actually paid and the proper overtime rate.

62. Because Liberty knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Liberty owes these wages for at least the past three years.

63. Liberty also owes Harris and the other Class Members an amount equal to the unpaid overtime wages as liquidated damages.

64. Harris and the other Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

### SECOND CAUSE OF ACTION – VIOLATION OF NORTH DAKOTA WAGE LAWS

65. The foregoing conduct, as alleged, violates North Dakota Century Code Title 34 and the North Dakota Minimum Wage and Work Conditions Order (N.D. Admin. Code § 46-02-07-01 et seq.) (the "North Dakota Wage Laws").

66. At all relevant times, Liberty was subject to the requirements of the North Dakota Wage Laws.

67. At all relevant times, Liberty employed Harris, and each Class Member working in North Dakota, as an "employee" within the meaning of the North Dakota Wage Laws.

68. The North Dakota Wage Laws require an employer like Liberty to pay employees at one and one-half times the regular rate of pay for hours worked in excess of 40 hours in any one week.

69. Harris and each Class Member working in North Dakota were entitled to overtime pay under the North Dakota Wage Laws.

70. Within the applicable limitations period, Liberty failed to pay overtime to Harris and the Class Members working in North Dakota for hours worked in excess of 40 hours per workweek.

71. Harris and the Class Members working in North Dakota seek unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; prejudgment interest; all available penalty wages; and such other legal and equitable relief as the Court deems just and proper.

72. Harris and the Class Members working in North Dakota are entitled to attorneys' fees, costs, and expenses of this action, to be paid by Liberty, as provided by North Dakota law.

73. The North Dakota state law claims are pursued pursuant to Fed. R. Civ. P. 23 on behalf of all similarly situated persons who choose not to opt-out of the North Dakota Class.

## JURY DEMAND

74. Harris demands a trial by jury.

## PRAYER

Wherefore, Harris prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA;

2. An order certifying the North Dakota Class as a class action pursuant to FRCP 23;

3. Judgment awarding Harris and the other Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

4. Judgment awarding Harris and the North Dakota Class Members all unpaid overtime compensation, penalty damages, interest, attorneys' fees, costs, and expenses under the North Dakota Wage Laws;

5. Pre- and post-judgment interest at the highest rate allowable by law; and

6. All such other and further relief to which Harris and the other Class Members may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
*Attorney-In-Charge for Plaintiffs*
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com

**AND**

Michael A. Josephson
State Bar No. 24014780
**FIBICH, LEEBRON, COPELAND BRIGGS & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@fibichlaw.com

DocuSign Envelope ID: 05527D3F-2E7F-41D6-B079-2228BD707736

## CONSENT TO JOIN WAGE CLAIM

Print Name: __Phillip S. Harris__

1. I hereby consent to participate in a collective action lawsuit against **Liberty Oilfield Services, LLC** (and its related entities) to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: _Phil Harris_ (DocuSigned by: 11A67BD76C8740A...)   Date Signed: 3/8/2016